IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) Case No. 21-CR-361-BMJ
)
RUSSELL CORNELIUS MCGEE, )
)
)
Defendant. )
)

**FILED**
FEB 09 2022
PATRICK KEANEY
Clerk, U.S. District Court
By_____
Deputy Clerk

## PETITION TO ENTER TO PLEA OF GUILTY

The defendant states to the Court that the defendant wants to enter a plea of GUILTY to the sole count of the Indictment: **Failure to Register as a Sex Offender in violation of *Title 18 U.S.C. §§ 2250(a)(1), 2250(a)(2)(B), and 2250(a)(3)*.**

In connection with this plea of GUILTY, I, Russell Cornelius McGee, the defendant in this case, inform the Court, under penalty of perjury, that I have discussed these matters with my attorney and the answers to the following questions are true and correct to the best of my knowledge and belief.

A. **BACKGROUND QUESTIONS**

Before the Court can accept your plea of guilty, it is necessary that the Court has certain background information about you and this case. The questions in this section are asked for this purpose.

1. (a) What is your name? Russell Cornelius McGee.

    (b) What is your age? I am 56 years old.

2. Are you currently employed? No.

    If yes, what is the name, address and telephone number of your employer? N/A

3. How much education have you had? 1984 graduate, Kiowa High School, Kiowa, OK

*R.M.*

4. Have you ever received medical care or treatment for drug addiction and/or alcohol abuse? **Yes, on January 26, 2022, a Memorandum detailing this history was submitted [as hereinafter directed]:**

   1) attended the 6-month long C.A.R.E. program while incarcerated in the Oklahoma Department of Corrections, Jackie Brannon Facility;

   2) attended another 1-month long program while incarcerated in the Oklahoma Department of Corrections, Jackie Brannon Facility;

   3) on two (2) separate occasions (most recently about 1 year ago), Defendant attended required 29-hours of counseling sessions counseling so that he could get his Oklahoma Driver's License reinstated.

   [If so, prior to the hearing on the Petition to Enter Plea of Guilty, counsel for defendant shall submit to the judge's orders mailbox a list of the dates, places, and types of treatment received by defendant.] **Done.**

5. Have you ever received medical care or treatment for a mental or emotional condition? **No.**

6. (a) Have you consumed any drug, alcohol or medication that is now impairing your ability to think clearly or to understand and answer the questions in this Petition to Enter Plea of Guilty? **No.**

   (b) Are there any medications prescribed for you that you are not now taking as directed? **No.**

   If yes, does the fact that you are not taking the medication as directed impair your ability to think clearly or to understand and answer the questions in this Petition to Enter Plea of Guilty? **No.**

7. If an attorney is now representing you in this case, what is your attorney's name? **Michael A. Abel.**

8. If you have an attorney, have you had enough time to talk with your attorney about your case? **Yes.**

9. If you have an attorney, have you told your attorney everything you know about your case? **Yes.**

10. If you have an attorney, are you satisfied with the services your attorney has provided for you? **Yes**

11. Do you understand the charge against you? **Yes**

R/M.

B. **CONSTITUTIONAL RIGHTS - WAIVERS**

Before the Court can accept your plea of guilty, it is important that you understand that you will be giving up many valuable constitutional rights by entering a plea of guilty. The questions in this section are designed to inform you of those rights.

12. Do you understand you have a right to plead NOT GUILTY to every charge filed against you? Yes.

13. Do you understand if you plead NOT GUILTY you have the following constitutional rights:

    (a) the right to a speedy and public trial by jury? Yes.

    (b) the right to counsel at all stages of the proceedings, and that if you cannot afford to pay a lawyer, one will be appointed to represent you? Yes.

    (c) the right to see and hear all witnesses called to testify against you and the right to cross-examine them? Yes.

    (d) the right to use the subpoena power of the Court to compel the attendance of witnesses at trial and the production of other forms of evidence? Yes.

    (e) the right not to be compelled to incriminate yourself by taking the witness stand; and that if you do not take the witness stand, no inference of guilt may be drawn from your failure to do so? Yes.

    (f) the right to be presumed innocent until the government has proved you guilty beyond a reasonable doubt by the unanimous agreement of all twelve of the jury members? Yes.

14. Do you understand if you plead GUILTY you will be found guilty without a trial and you will have given up all of the above rights, except the right to counsel? Yes.

R. M.

15. Do you understand if you plead GUILTY to a felony offense this may deprive you of valuable civil rights including the right to vote, the right to hold public office, the right to serve on a jury, the right to possess any kind of firearm, destructive device or ammunition, and may make you ineligible for certain government benefits? **Yes.**

16. Do you understand that if you are not a U.S. citizen and you plead guilty to certain offenses, you may be subject to deportation or other immigration consequences? **Yes.**

## C. SENTENCING - GENERAL

Before the Court can accept your plea of guilty, it is important that you understand certain aspects of the sentencing process. The questions in this section are designed for that purpose.

17. Do you realize if you plead GUILTY the maximum statutory sentence the judge may impose remains the same as if you had pled NOT GUILTY and had been convicted by a jury? **Yes.**

18. Do you know the sentence you will receive is solely a matter for the judge to decide? **Yes.**

19. (a) What is the maximum sentence the law provides for the offense(s) to which you want to plead GUILTY? **10 years of imprisonment; $250,000.00 fine; term of of supervised release to be determined by the judge; and $100.00 Special Assessment.**

    (b) Is there a minimum mandatory sentence the law provides for the offense(s) to which you want to plead GUILTY? **No.**

    If yes, what is it? **N/A**

R.M.

(c) For all other offenses, the judge may, in the judge's discretion, impose a term of supervised release to be served following the person's release from imprisonment. What is the maximum term of supervised release that could be imposed in this case? **Up to life.**

What is the maximum term of imprisonment that could be imposed if your supervised release were revoked? **Up to life.**

(d) Will you be forfeiting any property to the United States as a result of your guilty plea? **No.**

*R.M.*

20. If you plead GUILTY, the judge may require you to make restitution to any victim of the offense [*18 U.S.C. §§ 3663 and 3664*]. If you plead GUILTY to an offense that occurred on or after April 24, 1996, and the offense falls into certain categories of offenses, including property offenses and crimes of violence, ordinarily the judge is required to order you to pay restitution to any victim of the offense [*18 U.S.C. § 3663A*]. Also, in certain cases, the law identifies specific classes of people or organizations that may be entitled to restitution. Restitution is a continuing obligation that does not end until it is paid in full. In other words, the United States may continue to seek restitution from you even though you are no longer serving a sentence of confinement or supervision. Do you understand all of this? **Yes.**

21. The judge must impose a special assessment for each count to which you enter a plea of guilty. The amount of the special assessment depends on whether the offense is a felony or a misdemeanor [*18 U.S.C. § 3013*]. In your case, taking into account each offense to which you want to plead guilty, the total amount of special assessment is **$100.00.**

    Do you understand this? **Yes.**

22. If you are on probation or parole in this or any other court, do you know that by pleading GUILTY here your probation or parole may be revoked and you may be required to serve a sentence as a result of that revocation in addition to any sentence imposed upon you in this case? **Yes.**

23. Do you understand that in certain circumstances a federal judge may order a federal sentence of imprisonment to run at the same time as a state sentence of imprisonment? **Yes.**

24. Do you understand if you are convicted of a violation of *Title 18, United States Code, Section 924(c)*, the term of imprisonment imposed for that conviction cannot be served concurrently with any other term of imprisonment?
    **Not Applicable.**

D. **SENTENCING GUIDELINES AND OTHER SENTENCING CONSIDERATIONS**

25. In determining an appropriate sentence for a federal crime, the judge must consider the Sentencing Guidelines developed by the United States Sentencing Commission. The Sentencing Guidelines are advisory in nature, not mandatory. The judge must consider imposing a sentence within the range established by the Sentencing Guidelines, but the judge may impose a sentence either above or below that range. Do you understand this? **Yes.**

26. In calculating the range of sentence under the advisory Sentencing Guidelines, the judge will take into account all conduct, circumstances, and injuries associated with your criminal conduct, whether or not this conduct is formally charged by the government. The judge will consider all relevant conduct at the time of sentencing even though you are pleading guilty to fewer than all counts in the Indictment or Information. Do you understand this? Yes.

27. Also, there is no limitation placed on the information the judge can consider at the time of sentencing concerning your background, character, and conduct so long as the information is reliable. The judge will take all of these factors into consideration in determining an appropriate sentence. Do you understand this? Yes.

28. If the judge orders a presentence investigation, a U.S. Probation Officer will be assigned to conduct a thorough investigation and prepare a presentence report for the judge's use. Do you understand that if you lie to the U.S. Probation Officer, or if you cause others to lie on your behalf, this can be considered by the judge and may increase the range of sentence calculated under the advisory Sentencing Guidelines? Yes.

29. Your history of prior criminal convictions will be used to compute your Criminal History Category under the Sentencing Guidelines. If you have prior felony convictions which were imposed or for which you have served time within the past 15 years, your Criminal History Category may be increased. Similarly, if you have received misdemeanor convictions within the past 10 years, your Criminal History Category may be increased. Certain exceptions may apply in your case that would exclude a conviction from the Criminal History Category computation. Nonetheless, do you understand your prior criminal history has a direct impact on the calculation of the sentencing range under the advisory Sentencing Guidelines? Yes.

30. Do you understand if you committed the present offense(s) while you were on probation, parole, supervised release, or escape status, or within two years after being released from prison, this will increase the number of points assessed in your criminal history computation. If this increases your Criminal History Category, do you understand it may increase the range of sentence calculated under the advisory Sentencing Guidelines? Yes.

31. Do you understand if this offense is a crime of violence or a drug trafficking offense, and if you have two prior felony convictions of either a crime of violence or a drug trafficking offense, you could be sentenced as a career criminal offender which would increase the sentence you receive? **Not Applicable.**

32. The maximum sentence for the offense(s) to which you want to plead guilty is the statutory maximum set out in ¶¶ 19, 20 and 21 above. Do you understand this? **Yes.**

33. In certain cases, the law requires the judge to impose a mandatory minimum term of imprisonment. Before the judge may impose a sentence below a mandatory minimum term, the United States Attorney must file a motion recommending a lesser sentence. The United States Attorney has the discretion to file such a motion if the person provides substantial assistance in the investigation or prosecution of another person. Do you understand this? **Not Applicable.**

34. Parole is not available in the federal system. If you are sentenced to a term of imprisonment, you will serve the entire time imposed (less any earned good time credits that may be applied to reduce the amount of time you actually serve). The maximum amount of credit you may receive against your sentence will be determined by the Bureau of Prisons and is limited by statute [*18 U.S.C. § 3624*]. Do you understand this? **Yes.**

35. If at least one year of imprisonment is ordered in your case, the judge may also impose a term of supervised release, which you will begin serving after you are released from custody. For certain offenses, a term of supervised release is mandatory. During any term of supervised release, you will be subject to conditions that will include refraining from any additional violations of local, state or federal law, reporting requirements, travel and residence restrictions, and testing for controlled substance use. If you violate the conditions of your supervised release, the judge may revoke your supervised release and sentence you to an additional term of imprisonment This additional term of imprisonment would be served without credit for the time you successfully spent on supervised release. Do you understand this? **Yes.**

    The judge has the discretion to impose another term of supervised release, to be served after you serve your sentence for violating the first term of supervised release. If you violate your supervised release again, you can be sentenced to serve more time, followed by more supervised release, at the discretion of the judge. There is no limit to the number of times supervised release can be revoked and another term of supervised release imposed. Do you understand this? **Yes.**

36. In some circumstances, the judge may decide that your case warrants imposing a sentence with conditions other than incarceration for the full term of the sentence. Options available to the judge include probation, home confinement, community confinement, electronic monitoring, intermittent confinement, or a combination of any of these. Do you understand this? **Yes.**

37. If you plead guilty to a federal sex offense, you may be subject to state laws requiring the registration of sex offenders. Do you understand this? **YES.**

### E. VOLUNTARY NATURE OF PLEA

38. Is your plea of GUILTY made voluntarily and completely of your own free choice, free of any force or threats or pressures from anyone? **YES.**

39. (a) Have you entered into a plea agreement with the government? **Yes.**

    (b) If so:

    Have you read the plea agreement or had the plea agreement read to you? **Yes.**

    Have you had enough time to discuss the plea agreement with your attorney? **Yes.**

    Were all the terms of the plea agreement explained to you, including any waivers of your rights? **YES.**

    Do you understand all of the terms of the plea agreement, including the waivers of your rights? **YES.**

    (c) What are your reasons for making that agreement? **Entering this Plea Agreement serves my best interest after I considered all of the circumstances.**

    (d) If your plea of GUILTY involves a plea agreement, do you understand that the judge can reject the plea agreement after completion of the presentence investigation if the judge finds that the plea agreement is not in the interests of justice? **YES.**

Page 9 of 12

*R.M.*

40. Has any promise been made by anyone that causes you to plead GUILTY aside from the plea agreement, if any, set out in your answer to question 39? **No.**

    If yes, what promise has been made and by whom? **Not Applicable.**

41. (a) Has any officer, attorney or agent of any branch of government (federal, state or local) promised or predicted that you will receive a lighter sentence, or probation, or any other form of leniency if you plead GUILTY? **No.**

    (b) Do you understand no one has any authority to make any such promise or prediction on your sentence because the matter of sentencing is exclusively within the control of the judge and no one else? **Yes.**

42. Has the judge made any suggestion as to what the actual sentence will be? **No.**

43. Are you pleading GUILTY because you are guilty? **Yes.**

44. Is there any other information or advice that you want before you enter a plea? **No.**

R.M.

F. **CONCLUSION/FACTUAL BASIS**

45. Has your attorney reviewed and discussed with you all of these questions and your answers to them? **Yes.**

46. Do you understand all of these questions? **Yes.**

    If not, which questions do you not understand? **Not Applicable.**

47. (a) Do you now want to plead GUILTY? **Yes.**

    (b) Are you GUILTY? **Yes.**

48. State what you did to commit the offense to which you are now pleading GUILTY?

**I, Russell Cornelius McGee, was convicted of Possession of Child Pornography on October 17, 2019. I knew that conviction required me to register as a sex offender. Since October 17, 2019, I have continued to live, and have failed to register as a sex offender, while so living at my home at 601 Washington, Savanna, in Pittsburg County, Oklahoma which is in the Eastern District of Oklahoma and within the territorial boundaries of the Choctaw Nation and therefore "Indian Country."**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I understand that if I have knowingly and intentionally made any false answers in this Petition to Enter Plea of Guilty, my answers may be used against me in another prosecution for perjury or making a false statement.

Signed by me and affirmed to be true under penalty of perjury in the presence of my attorney on this 6th day of February, 2022.

_Russell McGee_
Russell Cornelius McGee, Defendant

R.M.

## CERTIFICATE OF DEFENSE COUNSEL

I, Michael A. Abel as attorney for the defendant, Russell Cornelius McGee, hereby certify:

1. I have read and fully explained to the defendant the allegations contained in the Indictment or Information in this case.

2. To the best of my knowledge and belief the statements, representations, and declarations made by the defendant in this Petition to Enter Plea of Guilty are in all respects accurate and true.

3. The plea of guilty offered by the defendant to Count One accords with my understanding of the facts the defendant has related to me, is consistent with my advice to the defendant, and in my opinion is knowingly and voluntarily made.

4. I assure the Court that I have advised the defendant about the applicable sentencing procedures, including procedures under the Sentencing Guidelines, and I have explained to the defendant the potential consequences of a plea of guilty in light of the questions and concerns set forth in Sections C and D of this Petition.

Signed by me in the presence of the defendant and after full discussion of the contents of this certificate with the defendant, this 6th day of February, 2022.

*Michael A. Abel*
Michael A. Abel    OBA# 10614
Attorney for Russell Cornelius McGee, Defendant

## CERTIFICATE OF PROSECUTING ATTORNEY

As attorney for the government, I hereby certify:

1. I have read and fully discussed with defense counsel the allegations contained in the Indictment or Information in this case.

2. I have also reviewed this Petition to Enter Plea of Guilty and find it to be in accordance with my knowledge of the defendant and this case.

3. In my judgment, acceptance of the defendant's plea(s) of guilty to the charge(s) in question will not undermine the statutory purposes of sentencing.

Signed by me this 8th day of February, 2022.

Hannah Jones,    IBA #32028-49
Assistant United States Attorney for the
Eastern District of Oklahoma,
Attorney for the Government

RM.